1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                **19-CR-1991JB**

**ANTONIO CARRILLO,**

      **Defendant.**

## UNOPPOSED MOTION TO CONTINUE DECEMBER 2, 2019 TRIAL SETTING AND EXTEND MOTIONS DEADLINE

Defendant Antonio Carrillo, by and through undersigned counsel, submits this Motion to Continue the December 2, 2019 Trial Setting and Extend Motions Deadline.  Defendant requests a 45-day continuance of the trial date and for the Court to extend the motions deadline in accordance with the trial continuance.  In support of this motion, Defendant states:

    1.    On July 15, 2019, Mr. Carrillo was arraigned and pleaded not guilty to an indictment charging with one count of transmitting in interstate or foreign commerce a communication containing any threat to kidnap any person or any threat to injure the person of another, in violation of 18 U.S.C. § 875(c).

    2.    After arraignment, the Parties engaged in plea negotiations and had tentative discussions regarding a resolution of the case.  The Court granted multiple short continuances of the trial date to facilitate the plea negotiation process.

    3.    On October 30, 2019, Defendant's previously appointed counsel filed a motion requesting leave to withdraw as attorney for Mr. Carrillo.  The Court granted the motion on November 6, 2019.  On the same day, the Court also granted a motion to continue the November

2

12, 2019 trial date until November 18, 2019. Undersigned counsel, Marshall J. Ray, was appointed on November 7, 2019. Once Mr. Ray was appointed, he and Mr. Carrillo have been in communication with one another, but Mr. Ray has not yet received a working copy of the discovery for this case. Without an opportunity to review the discovery, Mr. Carrillo's new counsel is not in a position to advise Mr. Carrillo regarding the case or to prepare for trial.

4. The parties have resumed plea negotiations and require time, including time to schedule an interview with the United States Probation Office.

5. Defendant, Mr. Carrillo, respectfully requests a continuance of at least 45 days to complete several tasks that are vital to his defense. Specifically, Mr. Carrillo requests at least 45 days to: (i) prepare for trial, (ii) file all necessary pre-trial motions (this case involves complex statutory interpretation issues and the First Amendment), and (iii) continue plea negotiations. Forty-five (45) days is the minimum amount of time required to complete plea negotiations and carry out the additional steps necessary for finalizing a plea, including a required interview with the United States Probation Office and setting a change of plea hearing.

6. A continuance of at least 45 days is necessary for Defense counsel to perform the following tasks:

    a. complete plea negotiations with the Government.

    b. If a resolution is not reached, then additional time will be needed for Defense Counsel to research and prepare pretrial motions, including dispositive motions, motions in limine, jury instructions.

    c. Complete the factual investigation into the case and of the charges that the Government has brought against Defendant.

7. Mr. Carrillo requests a 45- day continuance and an extension of the motion deadline.

3

Mr. Carrillo's counsel believes that 45 days reflects the minimum amount of time necessary to complete plea negotiations

8. To render effective assistance of counsel, Mr. Ray requires a continuance to allow time to receive and review discovery and evaluate any potential motions, including dispositive motions, motions in limine, and analyze jury instructions.

5. Mr. Carrillo's right to the effective assistance of counsel includes adequate time to prepare a defense. Without adequate time to prepare for trial, Mr. Carrillo will be denied effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

9. Mr. Carrillo agrees with this continuance and will not be prejudiced by it. Additional time will not prejudice Mr. Carrillo and will permit him to prepare and file pretrial motions, further investigate his case, and prepare for trial. Additionally, a continuance will potentially allow him to reach a favorable resolution with Government. Counsel has discussed with Mr. Carrillo his rights under the Speedy Trial Act and Mr. Carrillo understands his need for a continuance and respectfully requests that the Court continue trial for at least 30 days as requested by his counsel. His agrees that the time between the current setting and the continued trial should not be counted for purposes of the Speedy Trial Act.

4

10. Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice and the public interest will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the trial date will allow for Mr. Carrillo and his counsel to complete plea negotiations, appointed counsel to prepare motions, evaluate the discovery, assess defenses, and prepare for trial. This motion is not predicated upon the congestion of the Court's docket.

11. Counsel for the Government has been consulted and does not oppose this motion.

WHEREFORE, Defendant Antonio Carrillo, by and through undersigned counsel, and the United States, respectfully requests that this Court continue the December 2, 2019 jury trial by 45 days.

Respectfully Submitted,

LAW OFFICES OF MARSHALL J. RAY, LLC

/s/ *Marshall J. Ray*
Marshall J. Ray
201 Twelfth St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22th day of November 2019, I filed the foregoing pleading via CM-ECF, causing all registered parties to be served.

/s/ *Marshall J. Ray*
Marshall J. Ray

5