IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | Case No. 19-CR-1991-JB |
| vs.  ) | |
| ) | |
| ANTONIO CARILLO,  ) | |
| ) | |
| Defendant.  ) | |

**UNITED STATES' RESPONSE TO DEFENSE MOTION TO DISMISS INDICTMENT**

The United States respectfully files this response to defendant Antonio Carillo ("Defendant")'s motion to dismiss the indictment, Doc. 45. None of Defendant's challenges to the charging document has merit, and the instant motion should be denied. The United States will respond to each argument in turn.

Defendant argues first that the indictment fails to set forth the elements of the offense. Doc. 45, pp. 7-9. The three elements of 18 U.S.C. § 875(c) are that the defendant communicated a threat to injure the person of another, that it was a true threat (made with the intent to make a threat, or knowing that the communication would be viewed as a threat), and that it was transmitted in interstate or foreign commerce. *See* Tenth Circuit Criminal Pattern Jury Instruction § 2.37.1, at 131.[1] The indictment here sets forth that the defendant knowingly and willfully transmitted in interstate commerce a threat to injure American Civil Liberties Union personnel. *See* Doc. 10. The "knowingly and willfully" language pled in the indictment satisfies the "true threat" requirements of the crime's second element, that the threat has to be made

---

[1] 2011 Edition, updated February 2018.

knowing it would be taken as a threat, or with the subjective intent to threaten. *See United States v. Nissen*, 19-CR-0077-JB, Doc. 69, pp. 11-12 (final jury instructions). This is not a case, like *United States v. Cotton*, in which the United States attempts to charge a defendant with trafficking in a certain quantity of narcotics but fails to state the threshold quantity in the indictment. *See* 535 U.S. 625, 627 (2002). Nor is this a case like *United States v. Elonis* where the jury will be incorrectly instructed that Defendant need only be negligent to the possibility a recipient would take his statement as a threat to be guilty of the crime charged. *See* 135 S.Ct. 2001 (2015). Defendant's comparisons are meritless, and the indictment has no facial defect.

Defendant argues second that a threat to burn down buildings, hide the bodies of those killed by arson using farm implements, and thereby participate in a Physical Civil War, cannot be a "true threat" as contemplated by 18 U.S.C. § 875(c), but must rather be considered protected political speech. Defendant is mistaken. True threats are subject to criminal prohibition, like obscenity, defamation, or fraud. True threats "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). "The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats 'protect[s] individuals from the fear of violence' and 'from the disruption that fear engenders,' and protects people 'from the possibility that threatened violence will occur." *Id*.

A true threat is "a serious threat as distinguished from words as mere political argument…." *United States v. Leaverton*, 835 F.2d 254, 256 (10th Cir. 1987). Whether any given statement is a true threat or political speech is usually a question for the jury. *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999). It is true, however, that "[i]f there is no

question that a defendant's speech is protected by the First Amendment, the court may dismiss the charge as a matter of law." *Id*.  *See also United States v. Wheeler*, 776 F.3d 736 (10th Cir. 2015).

The charged communication does contain some political speech – the encouragement offered "GO TRUMP GO!" is political in nature, and the United States does not allege that is a criminal threat.  Defendant is not being prosecuted for encouraging the President, but for his very specific threat to burn down every ACLU building in the state and use farm implements to bury the bodies of those killed in the aforementioned burnings.  Whether the threat to burn down buildings occupied by a specific group of people, killing those people, and burying their bodies is a "true threat" is a matter for a jury to decide.

Defendant argues third that 18 U.S.C. § 875(c) is void for vagueness or otherwise facially unconstitutional.  This contention is meritless.  As described in the cases cited above, § 875(c) prohibits a certain definable category of violent threats made in interstate commerce.  For this reason, this Court should join the other courts that have rejected the same arguments raised by this defendant.  *See United States v. Jordan*, 2017 WL 4784317, *2 (W.D.N.Y. Oct. 24, 2017), *United States v. Khan*, 2017 WL 2362572, *19-20 (N.D. Ill. May 31, 2017), *United States v. Yassin*, 2017 WL 1324141, *5-6 (W.D. Mo. Feb. 23, 2017).

For those reasons, the United States respectfully requests the Court deny the instant motion to dismiss.  The filing of his motion response in CM/ECF caused a copy to be served on Marshall Ray, Esq., counsel for Defendant.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        *Electronically filed December 19, 2019*
        PAUL MYSLIWIEC
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274