IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                19-CR-1991 JB

ANTONIO CARRILLO,

    Defendant.

**DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF DEFENDANT'S STATEMENTS REGARDING LAW ENFORCEMENT, LAWYERS AND JUDGES**

**COMES NOW** Defendant Antonio Carrillo, by and through his legal counsel, Marshall Ray, and hereby submits this Second Motion in Limine to Exclude Introduction of Defendant's Statements Regarding Law Enforcement, Lawyers, and Judges. The United States Opposes this Motion. Defendant expects the United States to attempt to introduce recorded statements by Defendant during which he speaks angrily and states that he dislikes or hates "cops," lawyers, and judges. These statements are. irrelevant to the issues at trial and are unfairly prejudicial. In further support of this Motion, Defendant states:

    1. On or about June 19, 2019, law enforcement officers, including FBI Special Agent Jordan Spaeth went to Defendant's home to confront him about the Facebook post at issue in this case. *See* Exhibit A.

    2. During the encounter, a portion of which was recorded, Mr. Carrillo is heard yelling that he hates cops, hates lawyers, hates judges, and, later, "They're all corrupt. Every

1

Damn one of them." Mr. Carrillo later states, "I hate every fucking one of you." Exhibit A.

 3. The statements Mr. Carrillo made regarding law enforcement, judges, and lawyers are not relevant to the issues the Government must prove (i.e. whether he sent a threatening communication through interstate commerce). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Here the evidence does not have probative value to justify its introduction. At trial, the Government will have the burden of proving that Mr. Carrillo violated 18 U.S.C. § 875(c), a charge which Mr. Carrillo has denied. The elements the Government would have to be prove include whether a communication was transmitted that contained a threat to another person. Furthermore, the Government will have to prove that Mr. Carrillo intended or knew that the communication was threatening. Mr. Carrillo's attitudes about law enforcement officers, judges, and lawyers has no relationship with whether the Facebook message for which he is charged constituted a threat or was sent with the intent or knowledge that it would threaten the person of another.

 4. Moreover, introduction of the statements would run afoul of Fed. R. Evid. 403. Rule 403 provides: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative." Fed.R.Evid. 403. In addition, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance." Fed.R.Evid. 403 advisory committee note. While not relevant to the issues of this case, Mr. Carrillo's statements

about law enforcement, judges, and lawyers are polarizing and potentially inflammatory because of the strong emotions many members of the public feel about law enforcement and court officers. Jurors hearing such comments will be distracted, and the risk that the danger of unfair prejudice will arise that would substantially outweigh any nominal probative value the statements might have.

WHEREFORE, for the foregoing reasons, Defendant Antonio Carrillo respectfully requests this Court exclude All statements Mr. Carrillo made concerning his attitudes about law enforcement officers, judges, and lawyers.

Respectfully submitted,

/s/ *Marshall J. Ray*
Marshall J. Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 8th day of January 2020.

/s/ *electronically filed*
Marshall J. Ray