# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

  vs.                                                             1:19-cr-01991 KWR

ANTONIO CARRILLO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Indictment, filed December 13, 2019 **(Doc. 45)**. Having reviewed the parties' pleadings and exhibits, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

On July 9, 2019, the Grand Jury returned an indictment charging Defendant with one count of transmitting in interstate or foreign commerce a communication containing any threat to kidnap any person or any threat to injure the person of another, in violation of 18 U.S.C. § 875(c).

The indictment provides:

> On or about June 19, 2019, in Valencia County, in the District of New Mexico, the defendant, ANTONIO CARRILLO, knowingly and willfully did transmit in interstate commerce via Facebook, and interstate social media company, a communication, specifically a social media post, to the American Civil Liberties Union, and the communication contained a threat to injure American Civil Liberties Union Personnel.

**Doc. 10**. The alleged threat was posted as a comment on a Facebook threat, and reads as follows:

> "You Bitches Want a Physical Civil War.. I'm Game..I'll bring My Farm Implements and They will Never find your Bodies..AND for Fun I'll BURN Every ACLU Office in the State.. GO TRUMP GO.!"

**Doc. 3 at 6** (complaint). Defendant also allegedly made the following post on Twitter publicly directed to @realDonaldTrump:

> "@realDonaldTrump, YOU Say YOU are going to DEPORT Thousands.. People are Saying,; I'LL believe it when I see it..Personally When Civil War Starts.. I'm Going to Burn Down EVERY ACLU Office in New Mexico."

**Doc. 3 at 6**. The indictment charges Defendant for the Facebook post, but not the Twitter post.

## DISCUSSION

I.      **Indictment is Sufficient to Apprise Defendant of the Essential Elements.**

Defendant argues that the indictment is insufficient, because it omits an element of the crime charged. Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a motion may raise "a defect in the indictment or information, including . . . failure to state an offense." *Id.* at 12(b)(3)(B)(5).

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). If those three standards are met, then the indictment "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)). The indictment need only "quote[ ] the language of a statute and include[ ] the date, place, and nature of illegal activity." *Id.*

Section 875(c) prohibits certain threats to injure in interstate commerce. Because the First Amendment rights may potentially be at issue, the United States Supreme Court has added an additional element to the statute: the threat must be a true threat. A true threat is a statement "where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). "[T]he government must prove the defendant transmitted the communication for the purpose of issuing a threat or with knowledge the communication would be viewed as a threat." *United States v. Stevens*, 881 F.3d 1249, 1253 (10th Cir.), *cert. denied,* 139 S. Ct. 353, 202 L. Ed. 2d 249 (2018), *citing Elonis v. United States*, ––– U.S. ––––, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015). Although the Defendant must intend that the recipient feel threatened, the Defendant need not intend to carry out the threat. *Stevens*, 881 F.3d at 1253.

The Court finds that the indictment sufficiently apprises Defendant that he is charged with making a true threat. The indictment provides that Defendant *knowingly* and *willfully* transmitted a communication containing a threat to injure ACLU personnel. *See, e.g., United States v. Nissen*, No. CR 19-0077 JB, 2020 WL 108488, at *12 (D.N.M. Jan. 9, 2020) (finding that 875(c) indictment with similar language as here sufficient to apprise defendant of elements of the offense); *see also United States v. Stevens*, 4:16-cr-134-CVE, **Doc. 16,** (N.D. Okla.) (indictment provided that defendant… "transmitted communications in interstate commerce… that contained the threats as described in the table below to injure law enforcement…" ), *affirmed, United States v. Stevens*, 881 F.3d 1249, 1252 (10th Cir.), *cert. denied*, 139 S. Ct. 353, 202 L. Ed. 2d 249 (2018). This indictment language sufficiently states the true threat element. Moreover, the indictment tracks the language of § 875(c). Under these circumstances, there is no question that Defendant was apprised of the crime charged against him and the elements of the crime.

The Court notes that Defendant cites to cases where the district court failed to properly instruct the jury about the true threat element. The Court understands that the jury must be so instructed and will follow the relevant Tenth Circuit and United States Supreme Court law. *See* 10th Cir. Pattern Jury Instructions § 2.37.1 (Feb. 2018) (incorporating true threat requirements of *Elonis v. United States* and *Virginia v. Black*, 538 U.S. 343, 359 (2003)).

**II.     A Reasonable Jury Could Conclude that Defendant made a True Threat**.

Defendant argues that his Facebook post is protected by the First Amendment and was mere hyperbolic political speech.

True threats are not protected by the First Amendment. *Stevens*, 881 F.3d at 1253. Generally, at this stage, the Court inquires whether a reasonable jury could conclude that Defendant issued a true threat. *Id.* "[I]f there is no question that a defendant's speech is protected by the First Amendment, the court may dismiss the charge as a matter of law." *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015) (quotations and citations omitted); *see also United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999) (whether a statement amounts to a true threat is a question for the fact finder).

However, "absent an unusual set of facts, the question whether statements amount to true threats is a question generally best left to a jury." *Wheeler*, 776 F.3d 736, 742 (quotations and citations omitted). "If the court determines a reasonable jury could find that the [ ] communication[s] constitute[ ] ... true threat[s], then it may deny the defendant's motion to dismiss." *United States v. Stevens*, 881 F.3d at 1252, *quoting in part United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013).

Moreover, whether a defendant's speech "is a true threat or mere political speech is a question for the jury." *Wheeler*, 776 F.3d at 742 (quoting *Viefhaus*, 168 F.3d at 397); *Stevens*, 881

4

F.3d at 1252. A court may dismiss the charges against a defendant "[i]f there is no question that a defendant's speech is protected by the First Amendment." *Id.*

Here, a reasonable jury could conclude that Defendant communicated a true threat. Defendant stated: "You Bitches Want a Physical Civil War.. I'm Game..I'll bring My Farm Implements and They will Never find your Bodies..AND for Fun I'll BURN Every ACLU Office in the State.. GO TRUMP GO.!" **Doc. 3.** Specifically, a reasonable jury could conclude that Defendant intended ACLU personnel to feel threatened, or he knew that by posting the comment ACLU personnel would view it as a threat of injury. *Elonis v. United States*, ––– U.S. –––, 135 S. Ct. 2001, 2012 ("[T]he mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat.").

Defendant argues that his comment was mere political speech. Defendant's message contained political speech, including reference to apparent political discourse regarding a "civil war", and ending his message with "GO TRUMP GO." However, that political speech does not shield Defendant from culpability from the true threats otherwise contained in his message. *Stevens*, 881 F.3d at 1256 ("As we said in *Viefhaus*, even if a specific threat accompanies pure political speech[, this] does not shield a defendant from culpability."). Therefore, the Court cannot say that there is "no question" that Defendant's comment is protected by the First Amendment. *Wheeler*, 776 F.3d at 742, *quoting Viefhaus,* 168 F.3d at 397.

Defendant argues that he only posted the message on Facebook and did not specifically send the message to ACLU personnel. While Defendant posted his message on Facebook, he specifically targeted ACLU personnel in New Mexico. Under these circumstances, a "rational juror, considering the language and context of these posts could consider them to be true threats

because they directed specific, deadly action against a number of individuals." *Stevens*, 881 F.3d at 1255, *quoting Wheeler*, 776 F.3d at 742 (concluding that rational jury could find that Facebook posts urging followers to "kill cops" were true threats).

### III. Overbreadth and Vagueness Arguments are Forfeited.

Defendant summarily argues that 18 U.S.C. § 875(c) is overbroad and vague. Defendant's motion fails to include any analysis or case law on these complex doctrines. *See* **Doc. 45, p. 12 of 13.** Therefore, the Court concludes that Defendant has forfeited these arguments. *United States v. Elliott*, 684 F. App'x 685, 687 (10th Cir. 2017) ("Forfeiture occurs when the appellant fails to timely and adequately present the argument in district court."), *citing United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Forfeiture is particularly applicable here because these facial challenges should only be adjudicated sparingly and as a last resort. *See, e.g., United States v. Brune*, 767 F.3d 1009, 1019 (10th Cir. 2014) (facial challenges are disfavored and should be used sparingly and only as a last resort). Therefore, the Court is not prepared, at this time, to declare the statute overbroad and vague.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment (**Doc. 45**) is **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
KEA W. RIGGS
United States District Judge