**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                      **Criminal No. 19-1991 KWR**

ANTONIO CARRILLO,

       Defendant.

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

Defendant Antonio Carrillo, through his counsel, Donald F. Kochersberger III, hereby submits this Motion for a Bill of Particulars. In this case, it is unclear what exactly the Government seeks to prove in order to support the necessary element that Mr. Carrillo transmitted a threat to injure another person. Without knowledge of the specific conduct the government believes supports its case against him, particularly given the incomplete discovery that has been produced, Mr. Carrillo is unable to adequately prepare his defense. Accordingly, Mr. Carrillo requests that the Court require the Government to provide him with a bill of particulars identifying the person or persons who it alleges is the target of the threat and which part of his alleged Facebook post constitutes that threat. As further basis for the motion, Mr. Carrillo states as follows:

Background

Mr. Carrillo was charged in a July 9, 2019 Indictment with Interstate Communications with Threat to Injure Another in violation of 18 U.S.C. § 875(c). The basis of this charge is the Government's assertion that Mr. Carrillo posted a comment in a Facebook discussion, and that the contents of that posted comment constituted a threat. The Indictment alleges that, Mr. Carrillo transmitted a Facebook post to the American Civil Liberties Union ("ACLU") that contained a

threat to injure "its personnel." [Doc. 10] The Government has not provided evidence of the context of the alleged threat, including the preceding posts or the page or discussion in which the post is alleged to have been made. In other words, the Government's only evidence appears to be one comment, with no evidence of the context in which that comment was made.

Discussion

An indictment, "must be a plain, concise, and definite written statement of the essential facts constituting the offenses charged." Fed. R. Crim. P. 7(c)(1). It must sufficiently apprise the defendant of what he must be prepared to meet. *Cochran v. United States*, 157 U.S. 286, 290 (1895). The indictment in this case contains no specific factual allegations and provides no specific dates, and thus fails to identify with any particularity the nature of the conspiracy charge against Defendants. Defendants therefore request that the government provide a bill of particulars so that Defendants may be informed of the charges against them with sufficient precision to allow them to prepare their defense. *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996).

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to direct the United States to file a bill of particulars. Rule 7(f) provides:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The courts have "very broad discretion in ruling upon requests" for bills of particulars. *Will v. United States*, 389 U.S. 90, 99 (1967).

The purpose of a bill of particulars is to inform the defendant of the substantive facts of the charges against him and to prevent the danger of surprise at trial. *United States v. Griffith*, 362 F. Supp. 2d 1263, 1277 (D. Kan. 2005). In this case, Mr. Carrillo is unaware of the basis of the government's allegation that they used a "means, facility, and instrumentality of interstate and

foreign commerce" in furtherance of the alleged kidnappings. Without this information, he is unable to adequately prepare his defense because they have no notice of the factual allegations the government intends to offer at trial. A bill of particulars is an appropriate means to provide this information. *United States v. Staggs*, 881 F.2d 1527, 1536 (10th Cir. 1989)(J. Logan, Circuit Judge, concurring).

Defendant recognizes that bills of particulars are not to be used as discovery methods, and he does not contend that he is entitled to notice of all evidence the Government may possibly to produce at trial. He is entitled, however, to notice of the theory of the Government's case. *Ivy*, 83 F.3d at 1281. From counsel's review of the Indictment and the discovery that has been produced, the Government's basis for its assertion that Mr. Carrillo threatened to injure another *person* (which is a required element of the alleged offense) is unclear. This lack of clarity is further compounded by the absence of discovery provided by the Government on the issue.

In its recently-filed motion in limine, the Government has alleged that Defendant made a threat in the context of a Facebook discussion about the self-appointed "Constitutional Militia" members and that it would like to introduce the evidence of the context of this alleged threat at trial. [Doc. 60 at 2] When counsel asked the Government to provide Defendant with this evidence, however, it claimed that it had already provided all of the evidence it had. Notably, the Government has never provided evidence of the Facebook discussion or anything regarding Mr. Carrillo's alleged post other than the single post itself, which did not include any other related posts or even the page or discussion in which the Government claims it was posted. The threat allegedly posted by Mr. Carrillo is as follows: "You Bitches Want a Physical Civil War… I'm Game… I'll bring My Farm Implements and They will Never find your Bodies.  AND for Fun I'll BURN every ACLU Office in the State…." [Doc. 3 at 6] And, this isolated post (which, incidentally, one may

easily infer was in response to some "Bitches" who wanted a "Physical Civil War") is the only documentation provided by the Government from the alleged Facebook threat that forms the basis of its Indictment.

It is clear from the beginning of the Facebook post at issue that the poster is responding to, or at least addressing, a particular person or persons. Without the context of the post, Defendant is unable to glean exactly who is allegedly being threatened in the first sentence. In the alternative, it is possible that the Government's theory that it is the statement in the second sentence that the poster will burn down ACLU offices that constitutes the illegal threat to injure another person. This, however, is unclear, particularly given the Government's apparent inability to produce the remainder of the Facebook discussion. This lack of specificity makes it nearly impossible for Defendant to achieve an understanding of the basis for his alleged threat to injure another person and prevents him from preparing his defense. The Facebook discussion and the person or post to which Mr. Carrillo was clearly responding necessarily impacts the Government's theory of its case, and therefore Mr. Carrillo's defense as well. Mr. Carrillo is therefore entitled to a bill of particulars. *United States v. Aispuro*, 2010 U.S. Dist. LEXIS 30959, at *18. (D.N.M. March 16, 2010) (this Court granted the defendants' motion for bill of particulars where the indictment tracked the language of the statute but failed to supply "sufficient facts to inform the Defendants of the United States' theory of the case...so that each Defendant may prepare his defense").

In this case, the Government has not produced the contextual discovery that the Government itself has stated "is *res gestae* evidence because it explains where and as part of what discussion Defendant made the charged threat" and that "[t]he story of the posting of the threat would not make sense without that context, such that the contextual evidence is inextricably intertwined with the threat itself." [Doc. 60 at 8-9] Indeed, without this information, the allegations

do not make sense, the theory of the Government's case is undiscernible, and Mr. Carrillo is unable to prepare his defense. This information is even more important in the context of the instant charge against Mr. Carrillo, because the Government must prove that the alleged threat was not simply "political argument, idle talk, exaggeration, or something said in a joking manner." *See* 10th Circuit Criminal pattern Jury Instruction 2.37. Thus, the identity of the alleged intended recipient of Mr. Carrillo's post is of particular is crucial to the preparation of his defense.

It is simply unclear from the allegation in the Indictment and the discovery that has been produced who the person is that the Government alleges was the object of Mr. Carrillo's alleged threat—was it unidentified persons in the post prior to Mr. Carrillo's alleged post or the ACLU in general? It is simply impossible to determine whether there is an unnamed person or persons to whom the Government alleges the first half of the Facebook post was directed and/or whether it alleges that the alleged threat to burn ACLU offices in the event of a "Physical Civil War", constitutes the threat to injure other persons. Accordingly, Mr. Carrillo is not sufficiently informed of the charges against which they must defend. He therefore requests that United States provide him with a bill of particulars to apprise him of its theory of the case as required by Rule 7(f). The United States opposes this motion.

Conclusion

The Government has failed to provide the necessary information about Defendant's alleged threat to injure another person in this case. This lack of information hinders Mr. Carrillo's ability to prepare his defense. Accordingly, Defendant requests that this Court enter an order requiring the Government to provide him with a bill of particulars, and for any further relief this Court deems just.

Respectfully submitted,

***/s/Donald F. Kochersberger III***

_____
Donald F. Kochersberger III
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
(505) 848-8581
(505) 848-8593 fax

Attorney for Defendant Antonio Carrillo


     I HEREBY CERTIFY that on the 4th day of March, 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:


 Electronically Filed_____
Donald F. Kochersberger III
Attorney for Defendant