# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                             1:19-cr-01991 KWR

ANTONIO CARRILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion for Bill of Particulars, filed March 4, 2019 **(Doc. 64)**. Having reviewed the parties' pleadings and exhibits, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

On July 9, 2019, the Grand Jury returned an indictment charging Defendant with one count of transmitting in interstate or foreign commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c).

The indictment provides:

> On or about June 19, 2019, in Valencia County, in the District of New Mexico, the defendant, ANTONIO CARRILLO, knowingly and willfully did transmit in interstate commerce via Facebook, an interstate social media company, a communication, specifically a social media post, to the American Civil Liberties Union, and the communication contained a threat to injure American Civil Liberties Union Personnel.

**Doc. 10**. The alleged threat was posted as a comment on a Facebook thread, and reads as follows:

> "You Bitches Want a Physical Civil War.. I'm Game..I'll bring My Farm Implements and They will Never find your Bodies..AND for Fun I'll BURN Every ACLU Office in the State.. GO TRUMP GO.!"

**Doc. 3 at 6** (complaint). This post was disclosed to Defendant in discovery. Defendant also allegedly made the following post on Twitter publicly directed to @realDonaldTrump:

> "@realDonaldTrump, YOU Say YOU are going to DEPORT Thousands.. People are Saying,; I'LL believe it when I see it..Personally When Civil War Starts.. I'm Going to Burn Down EVERY ACLU Office in New Mexico."

**Doc. 3 at 6**. The indictment charges Defendant for the Facebook post, but not the Twitter post.

Defendant previously filed a motion to dismiss the indictment for failing to include the true threat element. The Court denied the motion. **Doc. 56.**

## DISCUSSION

Defendant requests that the Court require the Government to provide a bill of particulars identifying the person or persons who are alleged to be the target of the threat, and which part of his Facebook post contains that threat.

Under Fed. R. Crim. P. 7(c)(1), an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Chisum,* 502 F.3d 1237, 1244 (10th Cir. 2007) (quoting *United States v. Dashney,* 117 F.3d 1197, 1205 (10th Cir.1997)). "Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (internal quotation marks omitted), *quoting*

*United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988); *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) ("The indictment need only "quote[ ] the language of a statute and include[ ] the date, place, and nature of illegal activity.").

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir.) (quotation omitted), cert. denied, 519 U.S. 901 (1996). "[T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case." *Id.*

In a Facebook post, Defendant allegedly wrote: "You Bitches Want a Physical Civil War.. I'm Game..I'll bring My Farm Implements and They will Never find your Bodies..AND for Fun I'll BURN Every ACLU Office in the State.. GO TRUMP GO.!" **Doc. 3.** The indictment provides that Defendant wrote "a social media post, to the American Civil Liberties Union, and the communication contained a threat to injure American Civil Liberties Union Personnel." **Doc. 10.**

The indictment tracks the statutory language of the offense charged and includes the time and location of the alleged threats.[1] Reading the indictment and Facebook post together, it is also clear (1) who Defendant is alleged to have threatened and (2) which part of his Facebook post contains the alleged threat. Therefore, the Court concludes that the indictment sufficiently gives notice of the Government's theory and is sufficient for Defendant to prepare a defense. *See, e.g., United States v. Nissen*, No. CR 19-0077 JB, Doc. 101, 2020 WL 108488, at *12 (D.N.M. Jan. 9, 2020) (finding that § 875(c) indictment with similar language as here sufficient to apprise defendant of elements of the offense).

---

[1] 18 U.S.C. § 875(c) provides " Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."

Moreover, the Court need not order a bill of particulars when the Government's theory of the case is disclosed elsewhere, such as in discovery, pleadings, or hearings. *See United States v. Jenkins*, 313 F.3d 549, 558 (10th Cir. 2002) (government representation at pre-trial hearing constituted disclosure sufficient to obviate need for bill of particulars). For example, the Government disclosed a transcript of an interview between FBI Agent Spaeth and Defendant. **Doc. 60-1.** The transcript is clear that FBI Spaeth was investigating alleged threats against ACLU employees in Albuquerque. *Id* **at 23 of 109.**

If the indictment were not already clear, the Court notes that the Government's theory is also laid out in a response to a motion in limine, **Doc. 60**. *See United States v. Jenkins*, 313 F.3d 549, 558 (10th Cir. 2002) (government representation at pre-trial hearing constituted full disclosure sufficient to obviate need for bill of particulars). It is clear from that motion that Defendant is alleged to have threatened ACLU employees. **Doc. 60 at 1-2.**

Defendant may be expressing disbelief that the Facebook post could constitute a threat to ACLU employees. A bill of particulars is not the appropriate remedy. Moreover, as explained in a prior opinion in this case, the Tenth Circuit appears to allow such cases to go to the jury. *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015) (concluding that rational jury could find that Facebook posts urging followers to "kill cops" were true threats).

The Court also has no doubt that the indictment, along with the record in this case, will be sufficient to protect Defendant from the risk of double jeopardy. *United States v. Levine*, 457 F.2d 1186, 1189 (10th Cir. 1972) ("The entire record of the proceedings may be referred to in the event of a subsequent similar prosecution."), *cited in United States v. Boston*, 718 F.2d 1511, 1515 (10th Cir. 1983) ("the entire record, not just the indictment, may be referred to in order to protect against double jeopardy if a subsequent prosecution should occur."); *United States v. Washington*, 653

F.3d 1251, 1261 (10th Cir. 2011) (entire record may be referred to, in order to protect against double jeopardy in subsequent proceeding).

Plaintiff asserts that the discovery given to him is incomplete, because it does not have the Facebook "thread" or post he was responding to. Therefore, he questions whether he was alleged to have threatened someone in the Facebook thread instead. A bill of particulars is not an appropriate means to fix discovery issues, and the indictment is otherwise clear that he is alleged to have threatened ACLU employees in the State of New Mexico.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Bill of Particulars **(Doc. 64)** is **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE