IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        **Criminal No. 19-cr-01991-KWR**

ANTONIO CARRILLO,

        Defendant.

### DEFENDANT'S UNOPPOSED MOTION FOR THE COURT
### TO REQUIRE PRODUCTION OF THE MATERIALS LISTED IN ATTACHED
### <u>SUBPOENA DUCES TECUM</u>

Defendant Antonio Carrillo moves this Court, pursuant to Federal Rule of Criminal Procedure 17(c) and *United States v. Morris*, 287 F.3d 985 (10th Cir. 2002), to approve the attached proposed Subpoena Duces Tecum and require the production of the materials listed therein. The documents requested by Mr. Carrillo are relevant to his defense, admissible and specifically identified. Accordingly, Mr. Carrillo respectfully requests that this Court enter an Order requiring production of the materials listed in the attached proposed Subpoenas Duces Tecum. AUSA Jaymie Roybal does not oppose the issuance of the subpoena. In support of his motion, Mr. Carrillo states as follows:

<u>Factual and Procedural Background</u>

Mr. Carrillo was charged in a July 9, 2019 Indictment with Interstate Communications with Threat to Injure Another in violation of 18 U.S.C. § 875(c). The basis of this charge is the Government's assertion that Mr. Carrillo posted a comment in a Facebook discussion, and that the post constituted a threat to the American Civil Liberties Union ("ACLU").

The Government has given notice that it intends to introduce "the contextual discussion of militia groups potentially kidnapping suspected illegal immigrants and the ACLU's criticism of those groups." [Doc. 60 at 8] In its Notice [Doc 60], the Government states that Mr. Carrillo posted his alleged threat as part of a specific discussion of a topic of public interest and discourse, and the story of the specific allegedly illegal posting is inextricably intertwined with the alleged threat itself so as to render it *res gestae. Id.* However, other than the one statement, alleged to be from Mr. Carrillo, contained in the Facebook post that forms the basis of this prosecution, the Government has disclosed zero evidence of any larger discussion surrounding that statement[1]. No documentation of the discussion or conversations leading up to, or following, the one post allegedly made by Mr. Carrillo has been disclosed by the Government.

On February 7, 2020, counsel sent a discovery letter to the United States Attorney's Office requesting this evidence. [Doc. 67, Exhibit A] In response to that letter, the Government informed counsel that it has already provided Mr. Carrillo with all evidence in its possession. [Doc. 67, Exhibit B] With no evidence of this larger discussion, and thus the context in which the post was made, Mr. Carrillo is unable to present evidence necessary to his defense. Mr. Carrillo filed a motion to dismiss or suppress based on the Government's loss or destruction of this evidence. [Doc. 67] On May 12, 2020, the Court issued its Memorandum Opinion and Order in which it denied the motion without prejudice and instead directed Mr. Carrillo to file a motion for a Rule 17(c) subpoena in order to attempt to obtain the documents. [Doc. 72] Mr. Carrillo therefore asks this Court to approve the attached subpoena to Facebook seeking records of the discussion or conversations leading up to, and following, the one post allegedly made by Mr. Carrillo that has

---

[1] Incidentally, the Government has not even disclosed any written report containing its version of that larger discussion. Other than its unsupported vague statements about this Facebook thread, contained in various Court filings, Mr. Carrillo has no means to discover the content of any testimony Government witnesses may be expected to provide on this topic.

been disclosed by the Government. In its Response to Mr. Carrillo's motion to dismiss, the Government has stated that it does not oppose the issuance of the subpoena. [Doc. 69 at 5]

<u>Discussion</u>

The Tenth Circuit has established that a party seeking a subpoena duces tecum under Rule 17(c) must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Morris*, 287 F.3d 985 (10th Cir. 2002), *United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006), citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

The documents sought by Mr. Carrillo here are evidentiary and relevant to his defense. The documents will enable Mr. Carrillo to establish that, when viewed in light of its greater context, any alleged statement that the Government claims constitutes a threat, actually amounts to nothing more than hyperbole, mere political argument, or other non-threatening speech. Mr. Carrillo believes that these records will, in fact, prove to be exculpatory in that they will enable him to demonstrate that any statement(s) that the Government alleges he posted simply does not qualify as a true threat.

In addition to being relevant, the documents requested by Mr. Carrillo are admissible in this case. Evidence of the contextual discussion of the alleged threat at issue in this case may be admitted pursuant to Rule 106. The "[p]ortions of a statement or writing which are relevant to an issue in the case and necessary to clarify or explain the portion already received need to be admitted." *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010). In this case, the

Government will seek to introduce one statement, alleged to be from Mr. Carrillo, contained in the Facebook post that forms the basis of this prosecution. Based on the elements that the Government must prove in its case, the larger discussion surrounding that statement is clearly relevant here. *Watts v. United States*, 394 U.S. 705, 708, 89 S. Ct. 1399 (1969) (in order to determine whether a communication constitutes a threat, rather than to hyperbole, mere political argument, or other non-threatening speech, the communication *must* be viewed in the context in which it is received). Moreover, the Government itself stated that "the contextual details of the Facebook post or thread in which Defendant made the threat are relevant evidence for the government's case in chief." [Doc. 60 at 8] The documents requested from Facebook will provide exculpatory evidence which will support Mr. Carrillo's defense and will not be available if the Court does not issue the subpoena.

The Tenth Circuit has found that "the party requesting the information [must] identify the item sought and what the item contains, among other things." *Morris* at 991. The attached subpoena seeks specific documents. The requested documents regarding Mr. Carrillo contain the contextual Facebook discussion, which is necessary to explain that any post he allegedly made was hyperbolic and/or made in jest in the context of a public political debate, and/or expressly conditioned on an event that would never happen, and therefore does not constitute a true threat. The proposed subpoena also identifies a specific and relevant time frame for the records requested.

Finally, Mr. Carrillo seeks documents which are currently in the possession of a third party and not in the custody or control of the Government. *See* Government's Response to Motion to Dismiss or Suppress [Doc. 70 at 4] (stating that the Government does not have the contextual Facebook posts). This request pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure

is the appropriate method of obtaining the documents sought, because Fed. R. Crim. P. 16 does not provide an alternative method for obtaining materials directly from third parties.

## Conclusion

The documents Mr. Carrillo seeks are relevant to his defense, admissible, and specifically identified. The requested documents are not currently in the custody of the United States government, and thus not "otherwise procurable reasonably in advance of trial by exercise of due diligence." *Morris* at 991. Accordingly, Mr. Carrillo moves this Court, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and *Morris*, to approve under seal the attached proposed Subpoena Duces Tecum and require the production of the materials listed therein.

Respectfully submitted,

*/s/Donald F. Kochersberger III*

Donald F. Kochersberger III
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
(505) 848-8581
(505) 848-8593 fax
*Attorney for Defendant Antonio Carrillo*

I HEREBY CERTIFY that on the 8th day of June 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  Electronically Filed
Donald F. Kochersberger III
Attorney for Defendant