IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

   vs.                                   CR 19-1991 KWR

ANTONIO CARRILLO,

       Defendant.


ORDER CONTINUING TRIAL SETTING AND SETTING FORTH CASE-SPECIFIC
FINDINGS FOR EXCLUSION OF SPEEDY TRIAL ACT TIME

THIS MATTER having come before the Court sua sponte. the Court finds that it is necessary to continue the trial currently scheduled for July 13, 2020 and enters this order making individualized findings in support of the exclusion of time from the Speedy Trial Act from the original trial date to the new trial date. Specifically, the Court FINDS that the ends of justice served by the continuance of the trial in this matter outweigh the best interest of the public and the defendant in a speedy trial because:

(1) The Coronovirus "COVID 19" pandemic has been declared a national emergency by the President of the United States and the New Mexico State Governor declared a state public health emergency.

(2) The emergency brought on by the spread of the coronavirus and COVID-19 has not yet ended.

(3) The Centers for Disease Control and Prevention and other public health authorities continue to advise the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease.

(4) The Governor of New Mexico made a public statement that the State of New Mexico will not move into reopening Phase II because the rate of spread of the Coronavirus is increasing.

(5) The Pete V. Domenici Courthouse in Albuquerque where trial would be held is presently operating at Phase II of the Court's Phased Restoration of Operations, which involves minimal staffing and limited access to the courthouse by members of the public.

(6) No dates have been set for proceeding to Phases III or IV of the Phased Restoration of Operations. Movement between phases will be a function of orders from the CDC and State of New Mexico.

(7) That the venire panel for this Matter is drawn from the Northern Division for the District of New Mexico.

(8) That the Northern Division for the District of New Mexico has a high rate of COVID-19 infections, particularly McKinley, San Juan, Sandoval, and Bernalillo Counties.

(9) The health risks posed by the virus will also adversely impact the ability of the Court to obtain an adequate spectrum of jurors and reduce the availability of counsel and the Court.

(10)    Failure to continue the trial in this case will likely make its completion impossible due to public-health risks posed to prospective jurors, witnesses, attorneys, court personnel, and the defendant.

(11)    In addition to the district-wide public-health risks, an ends-of-justice delay is appropriate because:

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, inconsistent with the advice from the Centers for Disease Control and Prevention.

- The trial involves multiple local law enforcement witnesses who, pursuant to

their work obligations and constant contact with the community, present an increased likelihood for spread of the virus.

(12)     Furthermore, due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.

Based on the foregoing, the Court, balancing the factors discussed in 18 U.S.C. § 3161(h)(7)(B), concludes that the ends of justice outweigh the best interest of the public and defendants in a speedy trial, and that failure to grant such a continuance would prevent completion of full and fair proceedings and result in a miscarriage of justice.   The exclusion of the suspension period is necessary to balance the health and safety of jurors, court employees, litigants, counsel, judges, and the public with the Courts' Constitutional responsibility to continue federal court operations during the COVID-19 outbreak.

**IT IS THEREFORE ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(7)(A), such time between the Speedy Trial deadline and the commencement of the trial, which will be set by separate order, shall be excluded for purposes of the Speedy Trial Act and that the ends of justice are best served by granting the requested continuance. The ends of justice are served by ordering this jury trial continuance, and outweighs each defendant's right to, and the public's interest in, speedy trial.

**IT IS THEREFORE ORDERED** that the Jury Selection/Trial of July 13, 2020 is VACATED.   Call of the Calendar is reset for **August 6, 2020, at 9:00 a.m.** and Jury Selection/Trial is reset for **August 10, 2020, at 9:00 a.m.**, on a trailing docket at the United States Courthouse, 333 Lomas Blvd., NW, Bonito Courtroom, before Judge Kea W. Riggs in Albuquerque, New Mexico.

**IT IS FURTHER ORDERED** that the substantive motion deadline is hereby extended until **July 10, 2020.**

**IT IS FURTHER ORDERED** that, so as to conserve judicial resources, any motion to continue trial must be filed no later than **July 27, 2020.**

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. §3161(h)(7)(A), the Court finds that the ends of justice served by granting the unopposed motion for continuance outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS FINALLY ORDERED** that counsel shall adhere to the instructions and case management deadlines as set forth in the following attachment, "Preparation for Criminal Trial" (includes guidelines for preparation of proposed jury instructions, JERS Informational Letter, and JERS Attorney Guide).

KEA W. RIGGS

4