IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CR-1991-KWR |
| vs. ) | |
| ) | |
| **ANTONIO CARRILLO,** ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' NOTICE OF INTENTION TO OFFER EXPERT TESTIMONY**

The United States hereby provides the defense with notice that the United States intends to introduce expert testimony in evidence as described in the following paragraphs during its case-in-chief at trial. The United States provides this notice pursuant to Fed.R.Crim. P. 16, and the Court's Discovery Order and submits that all such evidence is relevant to the issues to be tried before the jury in this case[1]. This testimony is admissible evidence under Fed.R.Evid. 702 and 703 and the witness has "a reliable basis in knowledge and experience" in his discipline. As grounds therefor, the United States advises as follows:

**FBI COMPUTER EXPERT J. JOEL VANBRANDWIJK**

J. Joel van Brandwijk is a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"). SA van Brandwijk has a Bachelor's degree in Computer Science and a Master's degree in Information Assurance, and worked full-time in the Information Technology sector for

---

[1] This document is submitted after the normal deadline as discussed at the status conference earlier this morning (August 6, 2020).

1

thirteen years. Part of his duties at the FBI include investigating criminal violations related to high technology or cybercrime. His CV is attached here as Exhibit 1.

At trial, the United States expects that SA van Brandwijk would testify to render the following opinions based on his uncommon and reliable expertise: 1) that Facebook is accessed exclusively through the internet, which is to say it is not possible to post a comment or reply on a Facebook discussion without accessing and using the internet to do so, 2) that Facebook makes money through advertising revenue from interstate and foreign companies, and shows such interstate and foreign advertisements to all users, 3) that, because of how Facebook privacy settings work, those in other states can access the Facebook pages relevant to the instant trial, 4) that Facebook's privacy policy specifies that it transfers data interstate, and 5) that Facebook routes actions such as accessing one's own Facebook wall, sending messages, and posting on other people's or group's pages/walls interstate regardless of the actual location of the sender and recipient of the message or post.

## ANALYSIS OF TENTH CIRCUIT PRECEDENT

The Tenth Circuit has held that it is entirely possible for the same witness to offer both lay or fact testimony as well as expert testimony in the same case. *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002). In one case, the Tenth Circuit reversed the trial courts exclusion of testimony regarding a drug's street value, holding instead that trial courts should admit testimony that would have at least a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999).

The United States respectfully requests that the Court exercise its "special gatekeeping

obligation" and determine that the proposed testimony of the proposed witness is admissible, as each of the witnesses has "a reliable basis in knowledge and experience" in his discipline. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221-22 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003, 124 S.Ct. 533 (2003).

It is within the broad discretion of the Court to determine the means for assessing an expert's reliability and to make the ultimate determination of reliability. *Dodge*, 328 F.3d at 1222. Specifically, the United States asks that the Court make a finding that the testimony of the witness "has a reliable basis in the knowledge and experience of [their relevant] discipline[s]." *See id.* (quoting *Kumho Tire*, 526 U.S. at 149). The United States respectfully requests that the Court reserve its "reliability determination" until the United States introduces into evidence the experience and training of the witness at trial.

WHEREFORE, THE UNITED STATES respectfully requests this Court allow the above-described expert testimony and evidence to be offered in its case-in-chief at trial in this matter and that the Court finds that the proposed testimony of the witness has a reliable basis in knowledge and experience in their respective field.

The filing of this notice in CM/ECF caused a copy to be served on Donald Kochersberger, Esq., counsel for Defendant.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        *Filed electronically on August 6, 2020*
        PAUL J. MYSLIWIEC
        JAYMIE L. ROYBAL
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, NM 87103
        505-346-7274