# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                 1:19-cr-01991 KWR

ANTONIO CARRILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court upon the Government's Motion in Limine to exclude any reference to penalties or sentencing before the jury, filed July 27, 2020 **(Doc. 91)**. The Court held a pretrial conference on August 6, 2020 and heard argument from the parties. For the reasons stated on the record and herein, the Court finds that the Government's motion is well taken in part and therefore is **GRANTED**.

    The sentence or punishment following a guilty verdict is not relevant to the jury's determination. *See* Tenth Cir. Criminal Pattern Jury Instr. 1.20 (2011) ("You should not discuss or consider the possible punishment in any way while deciding your verdict.").

    "Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (sentence or punishment is "irrelevant to the jury's task") (overruled on other grounds); see also *United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917,

920 (10th Cir. 1971)).  Moreover, allowing a jury to consider punishment invites jury nullification and is prejudicial.  *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *Greer*, 620 F.2d at 1384-85 (presenting information to jury about possible sentence is prejudicial).  Therefore, the Court will exclude any reference to punishment or sentence at trial.

    **IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE