IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    **Criminal No. 19-1991 KWR**

ANTONIO CARRILLO,

        Defendant.

## **DEFENDANT'S MOTION TO STRIKE THE UNITED STATES' EXPERT WITNESS**

Defendant Antonio Carrillo, through his counsel, Donald F. Kochersberger III, moves the Court to strike the United States' amended witness list and notice of intention to offer expert testimony. [Docs. 102 and 103] Mr. Carrillo requests that the Court prohibit the United States from presenting the testimony of its proposed expert, FBI Special Agent J. Joel van Brandwijk at the trial in this matter. In support of his motion, Mr. Carrillo states as follows:

Discussion

Mr. Carrillo was charged in a July 9, 2019 Indictment with Interstate Communications with Threat to Injure Another in violation of 18 U.S.C. § 875(c). The basis of this charge is the Government's assertion that Mr. Carrillo posted a comment in a Facebook discussion, and that the post constituted a threat to the American Civil Liberties Union ("ACLU"). On July 27, 2020, the United States filed its Witness List. [Doc. 88] On August 6, 2020, following the Court's calendar call for the trial set eleven (11) days later on August 17, 2020, the United States filed an amended Witness List as well as its Notice of Expert. [Docs. 102 and 103]

The Government filed the Indictment in this case well over a year ago and should have been well aware of the elements it will be required to prove in order to convict Mr. Carrillo at trial. As such, the Government also should have been aware that it would need an expert witness in

order to provide testimony and evidence regarding the interstate commerce element of Section 875(c). Nonetheless, it waited until eleven (11) days before trial and ten (10) days *after* the Court's deadline to file witness lists to add FBI Special Agent J. Joel van Brandwijk to its witness list and file its notice of intent to offer him as an expert witness for purpose. "[O]ne of counsel's most basic discovery needs is to learn that an expert is expected to testify", and it is difficult to test expert testimony at trial without advance notice and preparation. Fed R. Crim. P. 16, cmt. n. The disclosure of a newly-named expert witness less than two weeks prior to the trial date is clearly inadequate and untimely, and there is no valid reason justifying such delay. Moreover, because the expert was not identified enough in advance to allow Defense counsel adequate time to obtain his own expert to examine the substance of the proposed expert's testimony, much less to provide any needed rebuttal testimony, the Government's late disclosure has resulted in prejudice to Mr. Carrillo. *United States v. Carroll*, 09cr03458 WJ at 5 (D.N.M. May 23, 2012) (excluding lately disclosed expert material). Accordingly, the Court should strike the Government's expert witness.

## Conclusion

WHEREFORE, Defendant Antonio Carrillo respectfully requests that this Court exclude Mr. van Brandwijk from providing any testimony on behalf of the United States in this matter.

Respectfully submitted,

*/s/Donald F. Kochersberger III*

———————————————
Donald F. Kochersberger III
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
(505) 848-8581
(505) 848-8593 fax

*Attorney for Defendant Antonio Carrillo*

I HEREBY CERTIFY that on the 10th day of August 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

     Electronically Filed
Donald F. Kochersberger III
Attorney for Defendant