**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                    **Criminal No. 19-1991 KWR**

ANTONIO CARRILLO,

        Defendant.

### DEFENDANT'S MOTION FOR DISMISSAL OF THE SUPERSEDING INDICTMENT

Defendant Antonio Carrillo, through his counsel, Donald F. Kochersberger III, hereby moves this Court to dismiss the Superseding Indictment filed by the Government on August 11, 2020. [Doc. 109]  In this case, the Government's last-minute filing of the Superseding Indictment was improper and caused prejudice to Mr. Carrillo. Mr. Carrillo therefore requests either: 1) dismissal of the case entirely based on the Government's egregious misconduct in its last-minute filing of the Superseding Indictment (either on this basis alone, or combined with the late expert designation, late provision of discovery related to the expert, and/or the fact that the Government executed another search warrant six (6) days before the scheduled trial); 2) dismissal of the Superseding Indictment and immediate trial on the charge contained in the original Indictment, as currently scheduled; or 3) continuance of the August 17, 2020 trial to allow the Court to determine the proper remedy (with such continuance to be attributed to the Government).  In support of this motion, Mr. Carrillo states as follows:

### Background

Mr. Carrillo was charged in a July 9, 2019 Indictment with Interstate Communications with Threat to Injure Another in violation of 18 U.S.C. § 875(c). The basis of this charge was the Government's assertion that Mr. Carrillo posted a comment in a Facebook discussion, and that the

post constituted a threat made in interstate commerce to the American Civil Liberties Union ("ACLU"). In pretrial discussions, the Government asked Defendant's counsel to stipulate to the interstate commerce element of the charge. After reviewing the proposed stipulation and conducting some additional research, counsel informed the Government that he had some concerns with the existence of facts supporting the proposed stipulation and requested additional information/clarification related to the assertions in the stipulation. That information was not provided.

On July 27, 2020, the United States filed its Witness List in which it listed three law enforcement officers but did not list any expert witnesses. [Doc. 88] On August 6, 2020, following the Court's calendar call for the trial set eleven (11) days later on August 17, 2020, the United States filed an Amended Witness List that included an expert witness for the first time, and also filed its Notice of Expert. [Docs. 102 and 103] At the same time, the Government disclosed for the first time the evidence on which the expert will rely. Defendant filed a motion to strike the Government's Expert Witness on August 10, 2020 based on the late disclosure and late discovery related to the witness. [Doc. 107] On the morning of August 10, 2020, the Government served an additional search warrant at Defendant's residence. Any evidence obtained in that search has not yet been disclosed to defense counsel, but is expected to include reports, photos and audio/video recordings. In the late afternoon of August 11, 2020, just six (6) days prior to trial, the Government filed a Superseding Indictment ("SI"). [Doc. 109] The SI is based on the same alleged conduct by Mr. Carrillo that occurred prior to the original Indictment more than a year ago, but now charges Mr. Carrillo with an entirely different charge in violation of an entirely different statute - threats of arson in interstate commerce in violation of 18 U.S.C. § 844(e). *Id.*

## Discussion

**I.      The Government's Conduct in this Case Violates Mr. Carrillo's Due Process Rights.**

Although a prosecutor has broad discretion to initiate and conduct criminal proceedings, he cannot "punish a person simply because he has done what the law plainly allows him to do…." *United States v. Goodwin*, 457 U.S. 368, 372, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982). "When a defendant exercises constitutional or statutory rights in the course of criminal proceedings, the government may not punish him for such exercise without violating due process guaranteed by the federal Constitution." *United States v. Neha*, 376 F. Supp. 2d 1230, 1232 (10th. Cir. 2005). The defendant bears the burden of establishing either "(1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *Id.* To establish a presumption of vindictiveness, the test is "whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *Id.* If the defendant satisfies this burden, the burden shifts to the Government to "justify its prosecutorial decision based on legitimate, articulable, objective reasons." *Id.* at 1234. Dismissal of an indictment is appropriate when there has been serious prosecutorial misconduct and the defendant has been prejudiced. *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019).

In this case, at the very least, the Government's actions establish a presumption of vindictiveness and its prosecutorial misconduct. A court should look "at the totality of the objective circumstances to decide whether a realistic possibility of vindictive prosecution exists." *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991. As explained herein, in this case, the Government failed to timely designate an expert to testify regarding the interstate commerce requirement of 18 U.S.C. § 875(c). Instead, it simply expected defense counsel to stipulate to that element. When Defendant exercised his right to require the Government prove the elements of its

case, or more accurately, simply to have the Government articulate the facts that would support such a stipulation, it: 1) made a late identification of an expert witness; 2) obtained and executed a search warrant less than a week before trail (and has not produced the evidence obtained as of three (3) business days before trial); and 3) sought and obtained a superseding indictment based on an entirely different charge mere days before the scheduled trial. Here, Mr. Carrillo exercised his constitutional or statutory rights in the course of these criminal proceedings, and as a result, the Government impermissibly punished him for that exercise. *Neha*, 376 F. Supp. 2d at 1232. In doing so, the Government violated his right to due process guaranteed by the federal Constitution. *Id.* The Court should therefore dismiss this case against Mr. Carrillo in its entirety with prejudice.

## II. Alternatively, the Court Should Dismiss the Superseding Indictment That was Filed on the Eve of Trial.

Generally, a superseding indictment may be filed at any time before trial. *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977). The filing of such a superseding indictment, however, should not be permitted if it results in prejudice to the defendant. The Government sought and obtained the SI with less than three (3) business days left before the scheduled trial setting. Moreover, while the SI is not based on any newly-obtained evidence, it is based on a charge that has entirely different elements, and therefore, possible defenses. Thus, allowing the Government to proceed on the SI that was filed with just a few days remaining before trial will cause extreme prejudice to Mr. Carrillo. In this short amount of time, it will be nearly impossible for him to adequately investigate the new charge and acquire additional witnesses, exhibits, or evidence, if necessary. This is particularly true because the Government has now served an additional search warrant, the fruits of which have yet to be provided to counsel. In short, permitting the Government to proceed on the SI at this late juncture will undoubtedly hinder Mr. Carrillo's ability to prepare

his defense and therefore result in significant, and impermissible, prejudice. The Court must therefore strike the SI.

In addition to striking the SI, the Court should also strike the expert witness, FBI Special Agent J. Joes van Brandwijk, whom the Government did not disclose until eleven (11) days prior to the scheduled trial. Rather than restating his entire argument regarding the Government's untimely disclosure of its expert, Mr. Carrillo incorporates by reference his Motion to Strike the United States' Expert Witness, filed August 10, 2020. [Doc. 107] For the reasons stated in that motion and herein, should the Court decide to strike the SI and require the Government to proceed to trial on the charge contained in the original Indictment, it should not permit the Government to present any testimony from its expert witness, FBI Special Agent J. Joel van Brandwijk based on its untimely disclosure of this witness in general, as well as its untimely disclosure of the discovery materials related to this witness. *See* Doc. 107.

### III.   If the Court Instead Continues the August 17, 2020 Trial, the Time Should Not be Excluded for Speedy Trial Act Purposes as a Result of the Continuance.

Should the Court determine that it requires additional time to consider the arguments of the parties and determine an appropriate remedy prior to trial, any resulting continuance of the August 17, 2020 trial should be attributed to the Government. "A deliberate attempt to delay a trial in order to secure a strategic advantage will weigh heavily against the government, while valid reasons will justify a delay." *Batie*, 433 F.3d 1287, 1291 (10th Cir. 2016) (citing *Barker*, 407 U.S. at 531). "Between these two poles lie many reasons for delays for which the government bears responsibility, even when the government did not intend the delays.". *United States v. Black*, 830 F.3d 1099, 1113 (10th Cir. 2016) (citing *Batie* at 1291).

Here, the Government failed to obtain or disclose its expert in a timely manner despite its obvious knowledge of its need for one since the inception of this case. In order to remedy its

failure, the Government first made a last-minute disclosure that allowed Mr. Carrillo no time to obtain his own expert (or even to determine if he needed to obtain one) prior to trial. The Government then sought and obtained a Superseding Indictment and served an additional search warrant with less than three (3) business days left before the scheduled trial setting. As of the time of the filing of this motion, Defendant's counsel has not yet received the evidence obtained during that search. Moreover, while the Superseding Indictment does not appear to be based on any newly-obtained evidence, it is based on a charge that has entirely different elements, and therefore, possible defenses. Given these facts, it is clear that, in this case, the Government must bear the responsibility for any continuance of the August 17, 2020 trial resulting from its conduct.

## Conclusion

In this case, the Government's conduct, including its late disclosure of its expert witness and supporting evidence, the execution of a search warrant a week before trial, and the last-minute filing of the Superseding Indictment, has been egregious and amounts to prosecutorial misconduct. In addition, its filing of the Superseding Indictment in the days leading up to the scheduled trial resulted in prejudice to Mr. Carrillo. Finally, as any potential trial continuance will plainly be the result of the Government's conduct, it should therefore bear the responsibility for such.

WHEREFORE, Defendant Antonio Carrillo respectfully requests that this Court: 1) dismiss this case entirely based on the Government's egregious misconduct in filing a Superseding Indictment just days before trial (either alone, or combined with its late expert designation, late provision of discovery related to the expert, and/or the fact that the Government executed another search warrant the week before the scheduled trial); 2) dismiss the Superseding Indictment and conduct the trial as currently scheduled on the charge contained in the original Indictment; or 3) continue the August 17, 2020 trial to allow the Court to determine the proper remedy and attribute the continuance to the Government for the purposes of the Speedy Trial Act.

Respectfully submitted,

*/s/Donald F. Kochersberger III*

_____

Donald F. Kochersberger III
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
(505) 848-8581
(505) 848-8593 fax

*Attorney for Defendant Antonio Carrillo*

I HEREBY CERTIFY that on the 12th day of August 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

 Electronically Filed
Donald F. Kochersberger III
Attorney for Defendant