IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                    Cr. No. 19-1991 KWR

ANTONIO CARRILLO,

      Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO DISMISS SUPERSEDING INDICTMENT**

The United States is in receipt of a motion by defendant Antonio Carrillo ("Defendant") requesting the Court 1) dismiss the superseding indictment, or 2) immediately release him from custody. Doc. 152. The United States interprets this filing to amend and supersede the earlier-filed *pro se* motion for dismissal or a bail hearing, Doc. 151. The United States opposes both forms of requested relief.

As Defendant notes, this Court has ordered that the Attorney General shall hospitalize the Defendant for treatment in a suitable facility for a period of time not to exceed four months. Doc. 152, p. 1. Defendant admits that, so far, Defendant has been hospitalized in a facility suitable for treatment for zero months, because he is still in transit to FCI Butner. *Id*. at p. 2. So, 18 U.S.C. § 4241 does not provide Defendant any avenue to seek relief at this time.

Defendant, through counsel, received an update (along with the undersigned prosecutors) from the U.S. Marshals Service on the ongoing diligent efforts to transport him on April 13, 2021, immediately after notifying the government he had a complaint about the length of time transport seemed to be taking. If this matter proceeded to a hearing, the government would call a Deputy U.S. Marshal to explain the agency's ongoing diligent efforts to transport Defendant

1

efficiently and treat him properly.  Though he is apparently not satisfied with the explanation provided by the U.S. Marshals, Defendant's motion does not explain his two-week delay between receiving the explanation and filing the instant motion for emergency relief.

As the Court remembers, Defendant consented to this Court's finding that he is presently incompetent to stand trial, after current federal defense counsel learned that Defendant had procured a local evaluation stating the same.  Doc. 147.  Defendant had apparently obtained the local finding of incompetence to stand trial in the context of the state drunk driving charge he picked up while on pretrial release in this case.  *See* Docs. 79, 80.  After that arrest for driving under the influence of alcohol, Judge Khalsa set stricter conditions of pretrial release.  Doc. 86.  Defendant is in custody now because he violated Judge Khalsa's conditions.  *See* Docs. 126-33, 143.  If he were not in custody because of his own substantial and numerous violations of pretrial conditions, he would have been allowed to report to FMC Butner when a bed opened for him.  He is, in that regard, personally responsible for whatever displeasure he is currently experiencing while waiting for that treatment bed to become available.

Accordingly, the United States respectfully request the court deny the instant motion, resolving Defendant's filings at Docs. 151-52.  The filing of this motion response in CM/ECF caused a copy to be served on Donald Kochersberger, Esq., counsel for Defendant.

Respectfully submitted,

FRED J. FEDERICI
Assistant United States Attorney

*electronically signed April 30, 2021*
PAUL J. MYSLIWIEC
JAYMIE L. ROYBAL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, N.M. 87103
(505) 224-1413